CASE 4—PETITION EQUITY—DECEMBER 8.

# Hanby, &c., vs. Logan.

### APPEAL FROM PULASKI CIRCUIT COURT.

W. sold to H. lands which were to be, and were, conveyed to the use of the wife and children of H. The consideration of the sale was a claim H. assumed to have to a slave in Virginia. As that claim proved unavailable and of no value, the lands were virtually a gift to the wife and children, and were not subject to the debts of H. (1 *Dana*, 356.)

Fox & VanWinkle, for appellants, cited 4 *Mon.*, 380; 1 *Mon.*, 106; 5 *J. J. Mar.*, 87, 73; 7 *Dana*, 496; 1 *Litt.*, 304.

A. J. James, for appellee, cited 1 *Dana*, 536.

JUDGE ROBERTSON delivered the opinion of the court:

Cyrenius Wait sold to John M. Hanby two small tracts of land, in Pulaski county, to be conveyed to the use of said Hanby's wife and children. The only consideration of the sale was a claim Hanby assumed to have to a slave in Patrick county, Virginia. Wait refused to make the conveyance as promised by the executory contract of sale. The alleged ground of refusal was the plea that Hanby had no title to the slave, and that, therefore, the consideration had failed. In a suit for a specific execution of the contract, this court decided that Wait should convey the legal title to the use of Hanby's wife and children, and, in obedience to that mandate, the title has been probably conveyed to their use.

During the pendency of that suit, the appellee, W. H. Logan, sought, by petition in equity, to subject the said land to sale, to satisfy two judgments rendered in 1842, in Virginia, against Hanby, and recently assigned to the petitioner without recourse. In his petition, he charged that the declared use was fraudulent as against existing creditors of Hanby, and that the contrivance was intended to secure the beneficial use to Hanby himself. The charge was denied by Hanby and by his wife and children. But the circuit judge rendered a decree for selling the land for the satisfaction of those old judgments which Hanby averred he had paid off.

Waiving all question as to the judgments, the decree, in the opinion of this court, is erroneous. The facts, though obscurely presented, authorize the deduction that Hanby had no available title to the slave, who has been held by another man by purchase for more than twenty years. And the failure of the judgment creditors, living near the possessor of the slave, to subject or attempt to subject him to their executions, is strongly corroborative of that deduction. Wait failed to go to Virginia, as he undertook to do, and endeavor to recover the slave; and this neglect was the principal ground of the judgment of this court against him. There seems to be no prospect of his ever recovering him hereafter. Consequently, as there is no satisfactory proof that Hanby had any valuable or available interest in the slave, and Wait never got or can probably ever get him, the conveyance of the land to the use of Hanby's wife and children, costing him nothing, was a virtual gift by Wait to them. Consequently, as it does not appear that Hanby, in the purchase of the land, abstracted from his creditors any of his property to their loss or prejudice, the contract cannot be adjudged fraudulent as to them, or voidable by them. As Hanby gave nothing for the land, no trust could result to him, and this case, therefore, lacks the vital element of *Doyle vs. Harper*, 1 *Dana*, 536, and the kindred cases.

Wherefore, the judgment of the circuit court is reversed, and the cause remanded, with instructions to dismiss the appellee's petition.